Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

District of

Division

|  |  |
|---|---|
| Mary E. Harper | )  Case No. _3:22-CV-517-YY_ |
| _____ | )  _(to be filled in by the Clerk's Office)_ |
| **Plaintiff(s)** | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | )  Jury Trial: *(check one)* ☐ Yes  ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| The University of Toledo, et.al. | ) |
| _____ | ) |
| **Defendant(s)** | ) |
| *(Write the full name of each defendant who is being sued.  If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

   **A.   The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

   Name               Mary E. Harper
   Street Address     30005 SW Magnolia Ave
   City and County    Wilsonville,
   State and Zip Code OR   97070
   Telephone Number   (cell) 619-395-5332
   E-mail Address     mharper010@gmail.com

   **B.   The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

   Defendant No. 1
   Name                       The University of Toledo
   Job or Title *(if known)*
   Street Address             2801 W. Bancroft Street
   City and County            Toledo, OH

Page of 6

1 Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| | |
|---|---|
| State and Zip Code | OH 43606 |
| Telephone Number | |
| E-mail Address (if known) | John.Elliot @ uToledo.edu |

**Defendant No. 2**

| | |
|---|---|
| Name | John Elliott |
| Job or Title (if known) | Chief HR Officer, Sr. Assoc. VP |
| Street Address | 2801 W. Bancroft Street, MS205 |
| City and County | Toledo |
| State and Zip Code | OH OH 43606 |
| Telephone Number | (419) 245-2900 |
| E-mail Address (if known) | John.Elliot2 @ uToledo.edu |

**Defendant No. 3**

| | |
|---|---|
| Name | Bethany Ziviski |
| Job or Title (if known) | Executive Director of Labor Relations and HR Compliance |
| Street Address | 2801 W. Bancroft St. Human Resources, MS205 |
| City and County | Toledo, |
| State and Zip Code | OH 43606 |
| Telephone Number | (419) 245-2900 |
| E-mail Address (if known) | Bethany.Ziviski @ utoledo.edu |

**Defendant No. 4**

| | |
|---|---|
| Name | Janelle M. Schaller |
| Job or Title (if known) | Senior Associate General Counsel |
| Street Address | Toledo 2801 W. Bancroft St. MS943 |
| City and County | Toledo |
| State and Zip Code | OH 43606-3390 |
| Telephone Number | |
| E-mail Address (if known) | Janelle.Schaller @ utoledo.edu |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | The University of Toledo |
| Street Address | 2801 W. Bancroft Street |
| City and County | Toledo |
| State and Zip Code | OH 43606 |
| Telephone Number | |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to (check all that apply):

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

_____

☐     Relevant state law *(specify, if known)*:

_____

☐     Relevant city or county law *(specify, if known)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

       ☑   Failure to hire me.
       ☑   Termination of my employment.
       ☐   Failure to promote me.
       ☐   Failure to accommodate my disability.
       ☐   Unequal terms and conditions of my employment.
       ☐   Retaliation.
       ☐   Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

*January 20, 2021*

C.    I believe that defendant(s) *(check one)*:

       ☑     is/are still committing these acts against me.
       ☐     is/are not still committing these acts against me.

1Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑     race                 _____
☐     color                _____
☐     gender/sex           _____
☐     religion             _____
☐     national origin      _____
☑     age *(year of birth)*            *(only when asserting a claim of age discrimination.)*
☑     disability or perceived disability *(specify disability)*
       Diabetes

E.     The facts of my case are as follows.  Attach additional pages if needed.

Exhibit: "1" - Ohio Civil Rights Commission
Exhibit: "2" - CHRC letter of Feb. 19, 2021 to Plaintiff
Exhibit: "2'b'+c" OH Civil Rights Commission - Charge of Discrimination
Exhibit: 3 - OCRC & USEE Commission - Request for Withdrawal of Charge of Discrimination
Exhibit 4: OCRC letter of Determination - Right to Sue letter
Exhibit 5: USCEOC . "Notice of Right to Sue"
Exhibit 6 OCRC. Notice be Right to Sue

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.     Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.     The Equal Employment Opportunity Commission *(check one)*:
☐     has not issued a Notice of Right to Sue letter.
☐     issued a Notice of Right to Sue letter, which I received on *(date)* _____.
       *(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

       Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐     60 days or more have elapsed.
☐     less than 60 days have elapsed.

1 Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        _04/5/2022_

Signature of Plaintiff        _Mary-Elizabeth Harper_

Printed Name of Plaintiff     _MARY-ELIZABETH    HARPER_

### B.        For Attorneys

Date of signing:        _____

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____
Street Address               _____
State and Zip Code           _____
Telephone Number             _____
E-mail Address               _____

1 Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | William Patmon III | Dr. Carolyn Peters | Madhu Singh
Executive Director Angela Phelps-White

## OHIO CIVIL RIGHTS COMMISSION

### EEOC DUAL FILING NOTICE

This charge is filed with both the Ohio Civil Rights Commission ("Commission"), an agency of the State of Ohio, and the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States government.  The EEOC and the Commission cooperate to investigate charges of employment discrimination. The Commission is investigating this charge and will share case information with the EEOC.  The Commission will forward all determinations to the EEOC, which will separately notify you of any action taken.

You are hereby notified that this charge of employment discrimination was filed under the following Federal statute(s):

      X      Age Discrimination Employment Act

      X      Title VII of the Civil Rights Act of 1964

      X      Title I of the Americans with Disabilities Act

You may contact the following EEOC District Office, which serves the State of Ohio:

U. S. Equal Employment Opportunity Commission
Indianapolis District Office
State and Local Program Manager
101 West Ohio St., Suite 1900
Indianapolis, IN 46204
1-800-669-4000

*Exhibit "1"*



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | William Patmon III | Dr. Carolyn Peters | Madhu Singh
Executive Director Angela Phelps-White

## OHIO CIVIL RIGHTS COMMISSION

### EEOC DUAL FILING NOTICE

This charge is filed with both the Ohio Civil Rights Commission ("Commission"), an agency of the State of Ohio, and the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States government.  The EEOC and the Commission cooperate to investigate charges of employment discrimination. The Commission is investigating this charge and will share case information with the EEOC.  The Commission will forward all determinations to the EEOC, which will separately notify you of any action taken.

You are hereby notified that this charge of employment discrimination was filed under the following Federal statute(s):

X    Age Discrimination Employment Act

X    Title VII of the Civil Rights Act of 1964

X    Title I of the Americans with Disabilities Act

You may contact the following EEOC District Office, which serves the State of Ohio:

U. S. Equal Employment Opportunity Commission
Indianapolis District Office
State and Local Program Manager
101 West Ohio St., Suite 1900
Indianapolis, IN 46204
1-800-669-4000



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners:  Lori Barreras, Chair | William Patmon, III | Dr. Carolyn Peters | Madhu Singh
Executive Director Angela Phelps-White

**February 19, 2021**

Mary E. Harper
30605 SW Magnolia Ave
Wilsonville, OR 97070
Mharper01@gmail.com

    RE:    Mary Elizabeth Harper v. University of Toledo
           TOLA2(40852)02122021/22A-2021-01025C

Mary E. Harper :

The Ohio Civil Rights Commission ("Commission") is in receipt of your online charge concerning alleged discrimination. Enclosed is the online charge affidavit. Please note the Commission may have amended the charge based on additional information received.

As required by Ohio Revised Code § 4112.05(B)(1), a charge must be written and signed under oath as part of the preliminary investigative process. Please take the charge affidavit to a notary to have it notarized. Do not sign the charge affidavit until you are directed to do so by the notary. Once the charge affidavit is notarized, please retain a copy for your records and return the original charge affidavit (**all pages**) using the enclosed envelope, which is provided for your convenience.

It is requested that you return the properly executed charge affidavit to the regional office within *TEN (10) DAYS* from the date of this letter. **Failure to comply with this requirement will result in the case being dismissed as NO JURISDICTION.**

The Commission appreciates your expression of confidence by bringing this matter to its attention.

FOR:  Inder F. LeVesque, Toledo Regional Director

*Melissa S. Erford*
Melissa S. Erford, Investigator
Toledo Regional Office
(419) 245-2641 (direct)
melissa.erford@civ.ohio.gov
MSE/saa

**Email**

---

*Exhibit "2" a*



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners:  Lori Barreras, Chair | William Patmon, III | Dr. Carolyn Peters | Madhu Singh
Executive Director Angela Phelps-White

**February 19, 2021**

Mary E. Harper
30605 SW Magnolia Ave
Wilsonville, OR 97070
Mharper01@gmail.com

    RE:    Mary Elizabeth Harper v. University of Toledo
            TOLA2(40852)02122021/22A-2021-01025C

Mary E. Harper :

The Ohio Civil Rights Commission ("Commission") is in receipt of your online charge concerning alleged discrimination. Enclosed is the online charge affidavit. Please note the Commission may have amended the charge based on additional information received.

As required by Ohio Revised Code § 4112.05(B)(1), a charge must be written and signed under oath as part of the preliminary investigative process. Please take the charge affidavit to a notary to have it notarized. Do not sign the charge affidavit until you are directed to do so by the notary. Once the charge affidavit is notarized, please retain a copy for your records and return the original charge affidavit (**all pages**) using the enclosed envelope, which is provided for your convenience.

It is requested that you return the properly executed charge affidavit to the regional office within *TEN (10) DAYS* from the date of this letter. **Failure to comply with this requirement will result in the case being dismissed as NO JURISDICTION.**

The Commission appreciates your expression of confidence by bringing this matter to its attention.

FOR:  Inder F. LeVesque, Toledo Regional Director

*Melissa S. Erford*
Melissa S. Erford, Investigator
Toledo Regional Office
(419) 245-2641 (direct)
melissa.erford@civ.ohio.gov
MSE/saa

**Email**

---

TOLEDO REGIONAL OFFICE | One Government Center, 640 Jackson St., Suite 936, Toledo, OH 43604
PHONE: 419-245-2900 | TOLL FREE:  1-888-278-7101 | TTY:  614-752-2391 | FAX:  419-245-2668
www.crc.ohio.gov

# OHIO CIVIL RIGHTS COMMISSION
# EMPLOYMENT CHARGE OF DISCRIMINATION

**Charging Party:**

TOLA2(40852)02122021
22A-2021-01025C

**OCRC Case Number:**

**Please read and review the following:**

I have not commenced any action under Ohio Revised Code §§ 4112.14 or 4112.02(N) with respect to the subject matter of the affidavit. I understand that upon filing of this charge with the Ohio Civil Rights Commission, I am barred from instituting any such civil action and that any monetary award of financial benefit I may receive may be limited to back pay and/or restoration of employment fringe benefits and may not include other damages to which I may be entitled as a result of such civil action.

● I am filing a charge alleging AGE DISCRIMINATION and I have read and understood the above information.

I am NOT filing a charge alleging AGE DISCRIMINATION and this does not apply to me.

**Please initial to indicate you have read and agreed to the statements below:**

I understand that I will not be able to sign this form on-line. A copy will be mailed to me for a notarized signature. An investigation **WILL NOT** begin until the Ohio Civil Rights Commission receives a **SIGNED AND NOTARIZED CHARGE** from me. **INITIALS** MEH

**The following section is to be completed only in the presence of a notary or Ohio Civil Rights Commission Representative.**

I declare under penalty of perjury that I have read the above charge and that it is true to the best of my knowledge, information and belief. I will advise the agency/agencies if I change my address or telephone number and that I will cooperate fully in the processing of my charge in accordance to their procedures.

_Mary-Elizabeth Harper_
Charging Party

_02/23/2021_
Date

Subscribed and Sworn to me on this _23_ day of _February_ of _2021_

_Casey Maxwell Barrett_
Ohio Civil Rights Commission Representative or Notary

OFFICIAL STAMP
**CASEY MAXWELL BARRETT**
NOTARY PUBLIC - OREGON
COMMISSION NO. 986634
MY COMMISSION EXPIRES APRIL 22, 2023

Exhibit "2"b

# OHIO CIVIL RIGHTS COMMISSION
# EMPLOYMENT CHARGE OF DISCRIMINATION

**Charging Party:**

TOLA2(40852)02122021
22A-2021-01025C

**OCRC Case Number:**

**Please read and review the following:**
I have not commenced any action under Ohio Revised Code §§ 4112.14 or 4112.02(N) with respect to the subject matter of the affidavit. I understand that upon filing of this charge with the Ohio Civil Rights Commission, I am barred from instituting any such civil action and that any monetary award of financial benefit I may receive may be limited to back pay and/or restoration of employment fringe benefits and may not include other damages to which I may be entitled as a result of such civil action.

⬤ I am filing a charge alleging AGE DISCRIMINATION and I have read and understood the above information.

I am NOT filing a charge alleging AGE DISCRIMINATION and this does not apply to me.

**Please initial to indicate you have read and agreed to the statements below:**
I understand that I will not be able to sign this form on-line. A copy will be mailed to me for a notarized signature. An investigation **WILL NOT** begin until the Ohio Civil Rights Commission receives a **SIGNED AND NOTARIZED CHARGE** from me. **INITIALS** MEH

**The following section is to be completed only in the presence of a notary or
Ohio Civil Rights Commission Representative.**

I declare under penalty of perjury that I have read the above charge and that it is true to the best of my knowledge, information and belief. I will advise the agency/agencies if I change my address or telephone number and that I will cooperate fully in the processing of my charge in accordance to their procedures.

_Mary-Elizabeth Harper_                                    _02/23/2021_
Charging Party                                             Date

Subscribed and Sworn to me on this __23__ day of __February__ of __2021__

_Casey Maxwell Barrett_
Ohio Civil Rights Commission Representative or Notary

> OFFICIAL STAMP
> **CASEY MAXWELL BARRETT**
> NOTARY PUBLIC - OREGON
> COMMISSION NO. 986834
> MY COMMISSION EXPIRES APRIL 22, 2023

Page 3 of 3

## OHIO CIVIL RIGHTS COMMISSION

### AND

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### Request for Withdrawal of Charge of Discrimination

**Instructions to the person requesting withdrawal:** You recently indicated a desire to withdraw your dual-filed charge from the Ohio Civil Rights Commission (OCRC) and the U.S. Equal Employment Opportunity Commission (EEOC). In order to begin such action, please furnish the information below. As a request for withdrawal of charge is subject to the approval of both agencies, your request will be considered and acted upon when received by this office. Please note that at this time both agencies are still prepared to proceed with your case if you so desire.

**Mary Elizabeth Harper**
CHARGING PARTY

**The University of Toledo**
RESPONDENT

**TOLA2(40852)02122021**
OCRC CASE NUMBER

**22A-2021-01025C**
EEOC CASE NUMBER

**AGGRIEVED PARTY COMPLETE INFORMATION BELOW**

I am aware that OCRC and EEOC protect my right to file a charge and have been advised that it is unlawful for any person covered by ORC 4112 or the laws administered by EEOC to threaten, intimidate, harass or otherwise retaliate against me because I have filed a charge. I have not been coerced into requesting this withdrawal. I request the withdrawal of my charge because:

*I no longer wish to pursue this matter through the Ohio Civil Rights Commission or the U.S. Equal Employment Opportunity Commission. I request the withdrawal of my charge because: I would like to pursue this matter in Court. This withdrawal is my own free act and deed, executed without coercion or duress.*

CHARGING PARTY          DATE          WITNESS          DATE

OHIO CIVIL RIGHTS COMMISSION          DATE

Approved ☐

Disapproved ☐

Exhibit 3

# OHIO CIVIL RIGHTS COMMISSION

## AND

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## Request for Withdrawal of Charge of Discrimination

**Instructions to the person requesting withdrawal:** You recently indicated a desire to withdraw your dual-filed charge from the Ohio Civil Rights Commission (OCRC) and the U.S. Equal Employment Opportunity Commission (EEOC). In order to begin such action, please furnish the information below. As a request for withdrawal of charge is subject to the approval of both agencies, your request will be considered and acted upon when received by this office. Please note that at this time both agencies are still prepared to proceed with your case if you so desire.

**Mary Elizabeth Harper**
CHARGING PARTY

**The University of Toledo**
RESPONDENT

**TOLA2(40852)02122021**
OCRC CASE NUMBER

**22A-2021-01025C**
EEOC CASE NUMBER

### AGGRIEVED PARTY COMPLETE INFORMATION BELOW

I am aware that OCRC and EEOC protect my right to file a charge and have been advised that it is unlawful for any person covered by ORC 4112 or the laws administered by EEOC to threaten, intimidate, harass or otherwise retaliate against me because I have filed a charge. I have not been coerced into requesting this withdrawal. I request the withdrawal of my charge because:

*I no longer wish to pursue this matter through the Ohio Civil Rights Commission or the U.S. Equal Employment Opportunity Commission. I request the withdrawal of my charge because: I would like to pursue this matter in Court. This withdrawal is my own free act and deed, executed without coercion or duress.*

CHARGING PARTY     DATE     WITNESS     DATE

_____
OHIO CIVIL RIGHTS COMMISSION     DATE

Approved ☐

Disapproved ☐

# OHIO CIVIL RIGHTS COMMISSION

## AND

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## Request for Withdrawal of Charge of Discrimination

**Instructions to the person requesting withdrawal:** You recently indicated a desire to withdraw your dual-filed charge from the Ohio Civil Rights Commission (OCRC) and the U.S. Equal Employment Opportunity Commission (EEOC). In order to begin such action, please furnish the information below. As a request for withdrawal of charge is subject to the approval of both agencies, your request will be considered and acted upon when received by this office. Please note that at this time both agencies are still prepared to proceed with your case if you so desire.

**Mary Elizabeth Harper**
CHARGING PARTY

**The University of Toledo**
RESPONDENT

**TOLA2(40852)02122021**
OCRC CASE NUMBER

**22A-2021-01025C**
EEOC CASE NUMBER

### AGGRIEVED PARTY COMPLETE INFORMATION BELOW

I am aware that OCRC and EEOC protect my right to file a charge and have been advised that it is unlawful for any person covered by ORC 4112 or the laws administered by EEOC to threaten, intimidate, harass or otherwise retaliate against me because I have filed a charge. I have not been coerced into requesting this withdrawal. I request the withdrawal of my charge because:

*I no longer wish to pursue this matter through the Ohio Civil Rights Commission or the U.S. Equal Employment Opportunity Commission. I request the withdrawal of my charge because: I would like to pursue this matter in Court. This withdrawal is my own free act and deed, executed without coercion or duress.*

CHARGING PARTY          DATE          WITNESS          DATE

OHIO CIVIL RIGHTS COMMISSION          DATE

**Approved** ☐

**Disapproved** ☐



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

November 18, 2021                          Date Mailed: November 18, 2021

Mary Elizabeth Harper                      The University of Toledo
30605 SW Magnolia Avenue                   c/o John Elliott, Chief HR Officer
Wilsonville, OR  97070                     2801 W. Bancroft Street
Mharper01@gmail.com                        Human Resources, MS 205
                                           Toledo, OH  43606
                                           John.Elliot2@UToledo.edu

## LETTER OF DETERMINATION
Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C

**FINDINGS OF FACT:**

Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does support a recommendation that Respondent unlawfully discriminated against Charging Party.

Charging Party is an African American female who is seventy-seven years of age. Charging Party states that she is disabled. Charging Party states that on December 11, 2020, Respondent extended an offer of employment to her for a Senior Labor Relations Specialist position. Charging Party states that her start date was January 25, 2021. Charging Party states that she accepted the job offer on December 17, 2020, and informed Respondent of her challenges for the delayed response and requested a phone conversation to effectuate her onboarding. Charging Party states that she was experiencing health issues and had a death in the family, which contributed to the delay of her new hire paperwork being submitted. Charging Party states that on January 20, 2021, Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance, rescinded Charging Party's offer of employment. Charging Party believes that Respondent unlawfully discriminated against her with regard to rescinding her job offer due to her race, sex, age, and disability.

Respondent is a public research university in Toledo, Ohio. Respondent employs approximately 5,000 individuals across its campus, including executives, faculty, professionals, and other employees. Respondent denies Charging Party's allegations. Respondent states that on December 9, 2020, verbal offers of employment were extended to Charging Party and another female applicant to fill the two Senior Labor Relations Specialist positions that were open at the time. Respondent states that by January 20, 2021, Charging Party had not returned a signed offer letter or started the background check process, and was missing several other onboarding documents. Respondent states that Charging Party's offer of employment was rescinded due to her failure to complete the required paperwork and long lapses in communication.

Exh. 4

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 2

There is no information to support Charging Party was discriminated against based on disability.

Respondent's "Recruitment of Personnel and Hiring Procedures" policy indicates that, when recruiting externally, the interviewing manager will work closely with their HR Consultant to create a recruitment plan and assist the hiring department throughout the process. The policy further provides that once a selection is made, the hiring department will inform HR of its selection. HR will make the employment offer, with consideration for the Affirmative Action Plan, and schedule all pre-employment requirements, such as background checks, pre-hire drug tests, etc.

A document entitled "Process For Filling Staff Positions" indicates that a search committee is required for external job postings, and the search committee must meet gender and minority representation. Human Resources will release the applicants who meet the stated minimum required qualifications to the search committee. After the search committee has selected candidates for interview, HR will review both the overall pool and the interview pool to ensure diversity. If no diversity exists in the initial applicant pool, additional recruitment efforts will be required. Further, if there is diversity in the overall pool, but not in the interview pool, the search committee may be instructed to conduct a second review of the resumes to determine if a member of the underrepresented group is suitable to be invited for an interview. If the search committee still feels that no other candidates are suitable, a memo is required to be sent to the HR Consultant/Specialist justifying the exclusion of the candidates by comparing their qualifications to those of the candidates who have been selected.

Information shows that in August 2020, Respondent posted two available Senior Labor Relations Specialist positions. On September 11, 2020, Charging Party submitted an application to Respondent for the position of Senior Labor Relations Specialist. After conducting interviews, Dreyon Wynn, Director of Labor/Employee Relations and HR Compliance, made a verbal offer of employment on December 9, 2020, to both Charging Party and another Caucasian female candidate who was 58 years of age. The offer was contingent upon completion of a background check and other pre-hire requirements. Information shows that both Charging Party and the other candidate had verbally accepted the offer and their start dates were initially set for January 11, 2021, then were moved to January 25, 2021.

Information shows that on December 11, 2020, Kimberly Fahey, Human Resources Specialist, sent Charging Party and the other candidate an email with instructions for completing the pre-hire requirements. On December 15, 2020, Ms. Fahey sent the offer letters to Charging Party and the other candidate to sign and return. Information shows Ms. Fahey spoke with Charging Party on December 18, 2020, to review the information and documentation needed for Charging Party to complete the pre-hire requirements.

Information shows the other candidate contacted Mr. Wynn on January 4, 2021, to let him know that she would not be able to start work on January 11, 2021, due to illness. Information shows Mr. Wynn moved the other candidate's start date to January 25, 2021. On January 18, 2021, the other candidate contacted Mr. Wynn to decline the position, and she was again offered another opportunity by Mr. Wynn to have her start date extended.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 3

Information shows that the other candidate, who was Caucasian and substantially younger than Charging Party, was afforded the opportunity to postpone her start date while Charging Party was not. Information shows that there was differential treatment, and that the younger, Caucasian candidate received more favorable treatment than Charging Party.

Information shows that on January 20, 2021, Charging Party had not yet submitted several of the required onboarding documents, and had not started the background check process. Information reveals onboarding documents may be submitted two to three days in advance of the start date. Information shows that on January 20, 2021, at 9:04 a.m., Ms. Fahey sent an email to Mr. Wynn and Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance and stated: "If you have any information that Mary has reached out to you to change her start date, please let me know." Subsequent to this email, Mr. Wynn reached out to Charging Party and extended her employment start date until on or about February 9, 2021. On January 20, 2021, at 10:52 a.m., Ms. Ziviski advised Ms. Fahey to rescind the offer of employment to Charging Party. Ms. Fahey sent the email rescinding the job offer to Charging Party on January 20, 2021, at 11:34 a.m.

Witness information reveals that prior to her hire, Ms. Ziviski had the intention of hiring a Caucasian male, which she expressed to John Elliott, Senior Associate Vice President and Chief Human Resources Officer. Witness information shows Ms. Ziviski wanted the Caucasian male instead of Charging Party. This Caucasian male was subsequently extended an offer of employment but declined. It is important to note that the decision to rescind the offer to Charging Party was made without Mr. Wynn's input. As previously shown in information provided, Mr. Wynn had been the "go to" person in the decision to hire and extend the start dates of employment.

Respondent has articulated that Charging Party's offer was rescinded due to her failure to complete the required paperwork and long lapses in communication. However, information reveals Respondent did not hire Charging Party based on her race, sex, and age. It was Respondent's intent to rescind Charging Party's offer of employment because it wanted to extend an offer of employment to a Caucasian younger male. Also, Charging Party's employment offer had been extended by Mr. Wynn. Charging Party had an opportunity to still complete onboarding forms prior to her hire date. Therefore, Charging Party was not given an opportunity to complete paperwork before Respondent rescinded the job offer.

Information reveals that a decision maker with a discriminatory animus affected the adverse employment decision. Charging Party had been treated differently than a Caucasian, substantially younger male, and a Caucasian substantially younger female. It may be reasonably inferred that Respondent had no intention of hiring Charging Party based on race, sex, and age.

**DECISION: (On the issue of Rescission of Job Offer/on the bases of Race, Sex, and Age)**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the Commission invites you to participate in conciliation by informal methods of conference, conciliation and persuasion. Enclosed is a draft of the proposed Conciliation Agreement and Consent Order for your consideration.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 4

Brad Adams has been assigned as Conciliator and can be reached by telephone at 419-245-2911 or by email at brad.adams@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process.** If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the case will be scheduled for a public hearing.

**DECISION: (On the issue of Rescission of Job Offer/on the basis of Disability)**
The Ohio Civil Rights Commission determines it is **NOT PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be **DISMISSED**.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION: (On All Decisions)**
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support or your request for reconsideration, you must specifically make a request to appear in writing.

On No Probable Cause Decisions Only:
Pursuant to Ohio Revised Code 4112.051, if you timely request and are granted reconsideration, the enclosed NOTICE OF RIGHT TO SUE will be voided. A new NOTICE OF RIGHT TO SUE will be issued once the charge is no longer pending before the Commission if a No Probable Cause finding is reached during reconsideration.

**FOR DUAL FILED CHARGES ONLY: (On No Probable Cause Decision Only)**
If your charge was filed with both the Commission and the U. S. Equal Employment Opportunity Commission (EEOC), you have the right to request that the EEOC conduct a review of the Commission finding. The request for such a review must be sent directly to the EEOC State and Local Coordinator at 101 W. Ohio St., Suite 1900, Indianapolis, IN 46204. To secure such a review, you must request it in writing within **FIFTEEN (15) days** of Commission's finding, unless you request a reconsideration by Commission. In that event, our final finding, and the time for you to request review by EEOC, will be determined by Commission's action on your reconsideration request.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW: (On No Probable Cause Decision Only)**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.
**NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director

cc:   **Representative for Charging Party**:    **Representative for Respondent**
Dr. Earl Murry    Janelle M. Schaller
E&M Professional Consulting, Inc.    Senior Associate General Counsel
P.O. Box 151    The University of Toledo
Maumee, OH 43537    Office of Legal Affairs
earlmurry@sbcglobal.net    2801 W. Bancroft Street, MS 943
    Toledo, OH 43606-3390
    Janelle.Schaller@utoledo.edu

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5


The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.
**NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.


FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director


cc:  **Representative for Charging Party**:       **Representative for Respondent**
     Dr. Earl Murry                                Janelle M. Schaller
     E&M Professional Consulting, Inc.             Senior Associate General Counsel
     P.O. Box 151                                  The University of Toledo
     Maumee, OH  43537                             Office of Legal Affairs
     earlmurry@sbcglobal.net                       2801 W. Bancroft Street, MS 943
                                                   Toledo, OH  43606-3390
                                                   Janelle.Schaller@utoledo.edu

 # OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

November 18, 2021                                   Date Mailed: November 18, 2021

Mary Elizabeth Harper                               The University of Toledo
30605 SW Magnolia Avenue                            c/o John Elliott, Chief HR Officer
Wilsonville, OR 97070                               2801 W. Bancroft Street
Mharper01@gmail.com                                 Human Resources, MS 205
                                                    Toledo, OH 43606
                                                    John.Elliot2@UToledo.edu

## LETTER OF DETERMINATION
Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C

**FINDINGS OF FACT:**
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does support a recommendation that Respondent unlawfully discriminated against Charging Party.

Charging Party is an African American female who is seventy-seven years of age. Charging Party states that she is disabled. Charging Party states that on December 11, 2020, Respondent extended an offer of employment to her for a Senior Labor Relations Specialist position. Charging Party states that her start date was January 25, 2021. Charging Party states that she accepted the job offer on December 17, 2020, and informed Respondent of her challenges for the delayed response and requested a phone conversation to effectuate her onboarding. Charging Party states that she was experiencing health issues and had a death in the family, which contributed to the delay of her new hire paperwork being submitted. Charging Party states that on January 20, 2021, Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance, rescinded Charging Party's offer of employment. Charging Party believes that Respondent unlawfully discriminated against her with regard to rescinding her job offer due to her race, sex, age, and disability.

Respondent is a public research university in Toledo, Ohio. Respondent employs approximately 5,000 individuals across its campus, including executives, faculty, professionals, and other employees. Respondent denies Charging Party's allegations. Respondent states that on December 9, 2020, verbal offers of employment were extended to Charging Party and another female applicant to fill the two Senior Labor Relations Specialist positions that were open at the time. Respondent states that by January 20, 2021, Charging Party had not returned a signed offer letter or started the background check process, and was missing several other onboarding documents. Respondent states that Charging Party's offer of employment was rescinded due to her failure to complete the required paperwork and long lapses in communication.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 2

There is no information to support Charging Party was discriminated against based on disability.

Respondent's "Recruitment of Personnel and Hiring Procedures" policy indicates that, when recruiting externally, the interviewing manager will work closely with their HR Consultant to create a recruitment plan and assist the hiring department throughout the process. The policy further provides that once a selection is made, the hiring department will inform HR of its selection. HR will make the employment offer, with consideration for the Affirmative Action Plan, and schedule all pre-employment requirements, such as background checks, pre-hire drug tests, etc.

A document entitled "Process For Filling Staff Positions" indicates that a search committee is required for external job postings, and the search committee must meet gender and minority representation. Human Resources will release the applicants who meet the stated minimum required qualifications to the search committee. After the search committee has selected candidates for interview, HR will review both the overall pool and the interview pool to ensure diversity. If no diversity exists in the initial applicant pool, additional recruitment efforts will be required. Further, if there is diversity in the overall pool, but not in the interview pool, the search committee may be instructed to conduct a second review of the resumes to determine if a member of the underrepresented group is suitable to be invited for an interview. If the search committee still feels that no other candidates are suitable, a memo is required to be sent to the HR Consultant/Specialist justifying the exclusion of the candidates by comparing their qualifications to those of the candidates who have been selected.

Information shows that in August 2020, Respondent posted two available Senior Labor Relations Specialist positions. On September 11, 2020, Charging Party submitted an application to Respondent for the position of Senior Labor Relations Specialist. After conducting interviews, Dreyon Wynn, Director of Labor/Employee Relations and HR Compliance, made a verbal offer of employment on December 9, 2020, to both Charging Party and another Caucasian female candidate who was 58 years of age. The offer was contingent upon completion of a background check and other pre-hire requirements. Information shows that both Charging Party and the other candidate had verbally accepted the offer and their start dates were initially set for January 11, 2021, then were moved to January 25, 2021.

Information shows that on December 11, 2020, Kimberly Fahey, Human Resources Specialist, sent Charging Party and the other candidate an email with instructions for completing the pre-hire requirements. On December 15, 2020, Ms. Fahey sent the offer letters to Charging Party and the other candidate to sign and return. Information shows Ms. Fahey spoke with Charging Party on December 18, 2020, to review the information and documentation needed for Charging Party to complete the pre-hire requirements.

Information shows the other candidate contacted Mr. Wynn on January 4, 2021, to let him know that she would not be able to start work on January 11, 2021, due to illness. Information shows Mr. Wynn moved the other candidate's start date to January 25, 2021. On January 18, 2021, the other candidate contacted Mr. Wynn to decline the position, and she was again offered another opportunity by Mr. Wynn to have her start date extended.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 3

Information shows that the other candidate, who was Caucasian and substantially younger than Charging Party, was afforded the opportunity to postpone her start date while Charging Party was not. Information shows that there was differential treatment, and that the younger, Caucasian candidate received more favorable treatment than Charging Party.

Information shows that on January 20, 2021, Charging Party had not yet submitted several of the required onboarding documents, and had not started the background check process. Information reveals onboarding documents may be submitted two to three days in advance of the start date. Information shows that on January 20, 2021, at 9:04 a.m., Ms. Fahey sent an email to Mr. Wynn and Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance and stated: "If you have any information that Mary has reached out to you to change her start date, please let me know." Subsequent to this email, Mr. Wynn reached out to Charging Party and extended her employment start date until on or about February 9, 2021. On January 20, 2021, at 10:52 a.m., Ms. Ziviski advised Ms. Fahey to rescind the offer of employment to Charging Party. Ms. Fahey sent the email rescinding the job offer to Charging Party on January 20, 2021, at 11:34 a.m.

Witness information reveals that prior to her hire, Ms. Ziviski had the intention of hiring a Caucasian male, which she expressed to John Elliott, Senior Associate Vice President and Chief Human Resources Officer. Witness information shows Ms. Ziviski wanted the Caucasian male instead of Charging Party. This Caucasian male was subsequently extended an offer of employment but declined. It is important to note that the decision to rescind the offer to Charging Party was made without Mr. Wynn's input. As previously shown in information provided, Mr. Wynn had been the "go to" person in the decision to hire and extend the start dates of employment.

Respondent has articulated that Charging Party's offer was rescinded due to her failure to complete the required paperwork and long lapses in communication. However, information reveals Respondent did not hire Charging Party based on her race, sex, and age. It was Respondent's intent to rescind Charging Party's offer of employment because it wanted to extend an offer of employment to a Caucasian younger male. Also, Charging Party's employment offer had been extended by Mr. Wynn. Charging Party had an opportunity to still complete onboarding forms prior to her hire date. Therefore, Charging Party was not given an opportunity to complete paperwork before Respondent rescinded the job offer.

Information reveals that a decision maker with a discriminatory animus affected the adverse employment decision. Charging Party had been treated differently than a Caucasian, substantially younger male, and a Caucasian substantially younger female. It may be reasonably inferred that Respondent had no intention of hiring Charging Party based on race, sex, and age.

**DECISION: (On the issue of Rescission of Job Offer/on the bases of Race, Sex, and Age)**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the Commission invites you to participate in conciliation by informal methods of conference, conciliation and persuasion. Enclosed is a draft of the proposed Conciliation Agreement and Consent Order for your consideration.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 4

Brad Adams has been assigned as Conciliator and can be reached by telephone at 419-245-2911 or by email at brad.adams@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process.** If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the case will be scheduled for a public hearing.

**DECISION: (On the issue of Rescission of Job Offer/on the basis of Disability)**
The Ohio Civil Rights Commission determines it is **NOT PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be **DISMISSED**.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:** (On All Decisions)
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support or your request for reconsideration, you must specifically make a request to appear in writing.

> On No Probable Cause Decisions Only:
> Pursuant to Ohio Revised Code 4112.051, if you timely request and are granted reconsideration, the enclosed NOTICE OF RIGHT TO SUE will be voided. A new NOTICE OF RIGHT TO SUE will be issued once the charge is no longer pending before the Commission if a No Probable Cause finding is reached during reconsideration.

**FOR DUAL FILED CHARGES ONLY: (On No Probable Cause Decision Only)**
If your charge was filed with both the Commission and the U. S. Equal Employment Opportunity Commission (EEOC), you have the right to request that the EEOC conduct a review of the Commission finding. The request for such a review must be sent directly to the EEOC State and Local Coordinator at 101 W. Ohio St., Suite 1900, Indianapolis, IN 46204. To secure such a review, you must request it in writing within **FIFTEEN (15) days** of Commission's finding, unless you request a reconsideration by Commission. In that event, our final finding, and the time for you to request review by EEOC, will be determined by Commission's action on your reconsideration request.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW: (On No Probable Cause Decision Only)**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5


The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.
**NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.


FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director


cc:  **Representative for Charging Party**:      **Representative for Respondent**
     Dr. Earl Murry                              Janelle M. Schaller
     E&M Professional Consulting, Inc.           Senior Associate General Counsel
     P.O. Box 151                                The University of Toledo
     Maumee, OH  43537                           Office of Legal Affairs
     earlmurry@sbcglobal.net                     2801 W. Bancroft Street, MS 943
                                                 Toledo, OH  43606-3390
                                                 Janelle.Schaller@utoledo.edu

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.
**NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director

cc: **Representative for Charging Party**:　　　**Representative for Respondent**
　　Dr. Earl Murry　　　　　　　　　　　　Janelle M. Schaller
　　E&M Professional Consulting, Inc.　　　Senior Associate General Counsel
　　P.O. Box 151　　　　　　　　　　　　　The University of Toledo
　　Maumee, OH 43537　　　　　　　　　　Office of Legal Affairs
　　earlmurry@sbcglobal.net　　　　　　　　2801 W. Bancroft Street, MS 943
　　　　　　　　　　　　　　　　　　　　Toledo, OH 43606-3390
　　　　　　　　　　　　　　　　　　　　Janelle.Schaller@utoledo.edu



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine

Commissioners:  Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

November 18, 2021

Date Mailed:  **November 18, 2021**

Mary Elizabeth Harper
30605 SW Magnolia Avenue
Wilsonville, OR  97070
Mharper01@gmail.com

The University of Toledo
c/o John Elliott, Chief HR Officer
2801 W. Bancroft Street
Human Resources, MS 205
Toledo, OH  43606
John.Elliot2@UToledo.edu

## LETTER OF DETERMINATION
Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C

**FINDINGS OF FACT:**

Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does support a recommendation that Respondent unlawfully discriminated against Charging Party.

Charging Party is an African American female who is seventy-seven years of age. Charging Party states that she is disabled. Charging Party states that on December 11, 2020, Respondent extended an offer of employment to her for a Senior Labor Relations Specialist position. Charging Party states that her start date was January 25, 2021. Charging Party states that she accepted the job offer on December 17, 2020, and informed Respondent of her challenges for the delayed response and requested a phone conversation to effectuate her onboarding. Charging Party states that she was experiencing health issues and had a death in the family, which contributed to the delay of her new hire paperwork being submitted. Charging Party states that on January 20, 2021, Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance, rescinded Charging Party's offer of employment. Charging Party believes that Respondent unlawfully discriminated against her with regard to rescinding her job offer due to her race, sex, age, and disability.

Respondent is a public research university in Toledo, Ohio. Respondent employs approximately 5,000 individuals across its campus, including executives, faculty, professionals, and other employees. Respondent denies Charging Party's allegations. Respondent states that on December 9, 2020, verbal offers of employment were extended to Charging Party and another female applicant to fill the two Senior Labor Relations Specialist positions that were open at the time. Respondent states that by January 20, 2021, Charging Party had not returned a signed offer letter or started the background check process, and was missing several other onboarding documents. Respondent states that Charging Party's offer of employment was rescinded due to her failure to complete the required paperwork and long lapses in communication.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 2

There is no information to support Charging Party was discriminated against based on disability.

Respondent's "Recruitment of Personnel and Hiring Procedures" policy indicates that, when recruiting externally, the interviewing manager will work closely with their HR Consultant to create a recruitment plan and assist the hiring department throughout the process. The policy further provides that once a selection is made, the hiring department will inform HR of its selection. HR will make the employment offer, with consideration for the Affirmative Action Plan, and schedule all pre-employment requirements, such as background checks, pre-hire drug tests, etc.

A document entitled "Process For Filling Staff Positions" indicates that a search committee is required for external job postings, and the search committee must meet gender and minority representation. Human Resources will release the applicants who meet the stated minimum required qualifications to the search committee. After the search committee has selected candidates for interview, HR will review both the overall pool and the interview pool to ensure diversity. If no diversity exists in the initial applicant pool, additional recruitment efforts will be required. Further, if there is diversity in the overall pool, but not in the interview pool, the search committee may be instructed to conduct a second review of the resumes to determine if a member of the underrepresented group is suitable to be invited for an interview. If the search committee still feels that no other candidates are suitable, a memo is required to be sent to the HR Consultant/Specialist justifying the exclusion of the candidates by comparing their qualifications to those of the candidates who have been selected.

Information shows that in August 2020, Respondent posted two available Senior Labor Relations Specialist positions. On September 11, 2020, Charging Party submitted an application to Respondent for the position of Senior Labor Relations Specialist. After conducting interviews, Dreyon Wynn, Director of Labor/Employee Relations and HR Compliance, made a verbal offer of employment on December 9, 2020, to both Charging Party and another Caucasian female candidate who was 58 years of age. The offer was contingent upon completion of a background check and other pre-hire requirements. Information shows that both Charging Party and the other candidate had verbally accepted the offer and their start dates were initially set for January 11, 2021, then were moved to January 25, 2021.

Information shows that on December 11, 2020, Kimberly Fahey, Human Resources Specialist, sent Charging Party and the other candidate an email with instructions for completing the pre-hire requirements. On December 15, 2020, Ms. Fahey sent the offer letters to Charging Party and the other candidate to sign and return. Information shows Ms. Fahey spoke with Charging Party on December 18, 2020, to review the information and documentation needed for Charging Party to complete the pre-hire requirements.

Information shows the other candidate contacted Mr. Wynn on January 4, 2021, to let him know that she would not be able to start work on January 11, 2021, due to illness. Information shows Mr. Wynn moved the other candidate's start date to January 25, 2021. On January 18, 2021, the other candidate contacted Mr. Wynn to decline the position, and she was again offered another opportunity by Mr. Wynn to have her start date extended.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 3

Information shows that the other candidate, who was Caucasian and substantially younger than Charging Party, was afforded the opportunity to postpone her start date while Charging Party was not. Information shows that there was differential treatment, and that the younger, Caucasian candidate received more favorable treatment than Charging Party.

Information shows that on January 20, 2021, Charging Party had not yet submitted several of the required onboarding documents, and had not started the background check process. Information reveals onboarding documents may be submitted two to three days in advance of the start date. Information shows that on January 20, 2021, at 9:04 a.m., Ms. Fahey sent an email to Mr. Wynn and Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance and stated: "If you have any information that Mary has reached out to you to change her start date, please let me know." Subsequent to this email, Mr. Wynn reached out to Charging Party and extended her employment start date until on or about February 9, 2021. On January 20, 2021, at 10:52 a.m., Ms. Ziviski advised Ms. Fahey to rescind the offer of employment to Charging Party. Ms. Fahey sent the email rescinding the job offer to Charging Party on January 20, 2021, at 11:34 a.m.

Witness information reveals that prior to her hire, Ms. Ziviski had the intention of hiring a Caucasian male, which she expressed to John Elliott, Senior Associate Vice President and Chief Human Resources Officer. Witness information shows Ms. Ziviski wanted the Caucasian male instead of Charging Party. This Caucasian male was subsequently extended an offer of employment but declined. It is important to note that the decision to rescind the offer to Charging Party was made without Mr. Wynn's input. As previously shown in information provided, Mr. Wynn had been the "go to" person in the decision to hire and extend the start dates of employment.

Respondent has articulated that Charging Party's offer was rescinded due to her failure to complete the required paperwork and long lapses in communication. However, information reveals Respondent did not hire Charging Party based on her race, sex, and age. It was Respondent's intent to rescind Charging Party's offer of employment because it wanted to extend an offer of employment to a Caucasian younger male. Also, Charging Party's employment offer had been extended by Mr. Wynn. Charging Party had an opportunity to still complete onboarding forms prior to her hire date. Therefore, Charging Party was not given an opportunity to complete paperwork before Respondent rescinded the job offer.

Information reveals that a decision maker with a discriminatory animus affected the adverse employment decision. Charging Party had been treated differently than a Caucasian, substantially younger male, and a Caucasian substantially younger female. It may be reasonably inferred that Respondent had no intention of hiring Charging Party based on race, sex, and age.

**DECISION: (On the issue of Rescission of Job Offer/on the bases of Race, Sex, and Age)**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the Commission invites you to participate in conciliation by informal methods of conference, conciliation and persuasion. Enclosed is a draft of the proposed Conciliation Agreement and Consent Order for your consideration.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 4

Brad Adams has been assigned as Conciliator and can be reached by telephone at 419-245-2911 or by email at brad.adams@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process.** If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the case will be scheduled for a public hearing.

**DECISION: (On the issue of Rescission of Job Offer/on the basis of Disability)**
The Ohio Civil Rights Commission determines it is **NOT PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be **DISMISSED**.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:** (On All Decisions)
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support or your request for reconsideration, you must specifically make a request to appear in writing.

> On No Probable Cause Decisions Only:
> Pursuant to Ohio Revised Code 4112.051, if you timely request and are granted reconsideration, the enclosed NOTICE OF RIGHT TO SUE will be voided. A new NOTICE OF RIGHT TO SUE will be issued once the charge is no longer pending before the Commission if a No Probable Cause finding is reached during reconsideration.

**FOR DUAL FILED CHARGES ONLY: (On No Probable Cause Decision Only)**
If your charge was filed with both the Commission and the U. S. Equal Employment Opportunity Commission (EEOC), you have the right to request that the EEOC conduct a review of the Commission finding. The request for such a review must be sent directly to the EEOC State and Local Coordinator at 101 W. Ohio St., Suite 1900, Indianapolis, IN 46204. To secure such a review, you must request it in writing within **FIFTEEN (15) days** of Commission's finding, unless you request a reconsideration by Commission. In that event, our final finding, and the time for you to request review by EEOC, will be determined by Commission's action on your reconsideration request.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW: (On No Probable Cause Decision Only)**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5


The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.
**NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.


FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director


cc:  **Representative for Charging Party**:         **Representative for Respondent**
     Dr. Earl Murry                                   Janelle M. Schaller
     E&M Professional Consulting, Inc.                Senior Associate General Counsel
     P.O. Box 151                                     The University of Toledo
     Maumee, OH  43537                                Office of Legal Affairs
     earlmurry@sbcglobal.net                          2801 W. Bancroft Street, MS 943
                                                      Toledo, OH  43606-3390
                                                      Janelle.Schaller@utoledo.edu



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

**November 18, 2021**

Date Mailed:  **November 18, 2021**

Mary Elizabeth Harper
30605 SW Magnolia Avenue
Wilsonville, OR  97070
Mharper01@gmail.com

The University of Toledo
c/o John Elliott, Chief HR Officer
2801 W. Bancroft Street
Human Resources, MS 205
Toledo, OH  43606
John.Elliot2@UToledo.edu

## LETTER OF DETERMINATION
Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C

**FINDINGS OF FACT:**
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does support a recommendation that Respondent unlawfully discriminated against Charging Party.

Charging Party is an African American female who is seventy-seven years of age. Charging Party states that she is disabled. Charging Party states that on December 11, 2020, Respondent extended an offer of employment to her for a Senior Labor Relations Specialist position. Charging Party states that her start date was January 25, 2021. Charging Party states that she accepted the job offer on December 17, 2020, and informed Respondent of her challenges for the delayed response and requested a phone conversation to effectuate her onboarding. Charging Party states that she was experiencing health issues and had a death in the family, which contributed to the delay of her new hire paperwork being submitted. Charging Party states that on January 20, 2021, Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance, rescinded Charging Party's offer of employment. Charging Party believes that Respondent unlawfully discriminated against her with regard to rescinding her job offer due to her race, sex, age, and disability.

Respondent is a public research university in Toledo, Ohio. Respondent employs approximately 5,000 individuals across its campus, including executives, faculty, professionals, and other employees. Respondent denies Charging Party's allegations. Respondent states that on December 9, 2020, verbal offers of employment were extended to Charging Party and another female applicant to fill the two Senior Labor Relations Specialist positions that were open at the time. Respondent states that by January 20, 2021, Charging Party had not returned a signed offer letter or started the background check process, and was missing several other onboarding documents. Respondent states that Charging Party's offer of employment was rescinded due to her failure to complete the required paperwork and long lapses in communication.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 2

There is no information to support Charging Party was discriminated against based on disability.

Respondent's "Recruitment of Personnel and Hiring Procedures" policy indicates that, when recruiting externally, the interviewing manager will work closely with their HR Consultant to create a recruitment plan and assist the hiring department throughout the process. The policy further provides that once a selection is made, the hiring department will inform HR of its selection. HR will make the employment offer, with consideration for the Affirmative Action Plan, and schedule all pre-employment requirements, such as background checks, pre-hire drug tests, etc.

A document entitled "Process For Filling Staff Positions" indicates that a search committee is required for external job postings, and the search committee must meet gender and minority representation. Human Resources will release the applicants who meet the stated minimum required qualifications to the search committee. After the search committee has selected candidates for interview, HR will review both the overall pool and the interview pool to ensure diversity. If no diversity exists in the initial applicant pool, additional recruitment efforts will be required. Further, if there is diversity in the overall pool, but not in the interview pool, the search committee may be instructed to conduct a second review of the resumes to determine if a member of the underrepresented group is suitable to be invited for an interview. If the search committee still feels that no other candidates are suitable, a memo is required to be sent to the HR Consultant/Specialist justifying the exclusion of the candidates by comparing their qualifications to those of the candidates who have been selected.

Information shows that in August 2020, Respondent posted two available Senior Labor Relations Specialist positions. On September 11, 2020, Charging Party submitted an application to Respondent for the position of Senior Labor Relations Specialist. After conducting interviews, Dreyon Wynn, Director of Labor/Employee Relations and HR Compliance, made a verbal offer of employment on December 9, 2020, to both Charging Party and another Caucasian female candidate who was 58 years of age. The offer was contingent upon completion of a background check and other pre-hire requirements. Information shows that both Charging Party and the other candidate had verbally accepted the offer and their start dates were initially set for January 11, 2021, then were moved to January 25, 2021.

Information shows that on December 11, 2020, Kimberly Fahey, Human Resources Specialist, sent Charging Party and the other candidate an email with instructions for completing the pre-hire requirements. On December 15, 2020, Ms. Fahey sent the offer letters to Charging Party and the other candidate to sign and return. Information shows Ms. Fahey spoke with Charging Party on December 18, 2020, to review the information and documentation needed for Charging Party to complete the pre-hire requirements.

Information shows the other candidate contacted Mr. Wynn on January 4, 2021, to let him know that she would not be able to start work on January 11, 2021, due to illness. Information shows Mr. Wynn moved the other candidate's start date to January 25, 2021. On January 18, 2021, the other candidate contacted Mr. Wynn to decline the position, and she was again offered another opportunity by Mr. Wynn to have her start date extended.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 3

Information shows that the other candidate, who was Caucasian and substantially younger than Charging Party, was afforded the opportunity to postpone her start date while Charging Party was not. Information shows that there was differential treatment, and that the younger, Caucasian candidate received more favorable treatment than Charging Party.

Information shows that on January 20, 2021, Charging Party had not yet submitted several of the required onboarding documents, and had not started the background check process. Information reveals onboarding documents may be submitted two to three days in advance of the start date. Information shows that on January 20, 2021, at 9:04 a.m., Ms. Fahey sent an email to Mr. Wynn and Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance and stated: "If you have any information that Mary has reached out to you to change her start date, please let me know." Subsequent to this email, Mr. Wynn reached out to Charging Party and extended her employment start date until on or about February 9, 2021. On January 20, 2021, at 10:52 a.m., Ms. Ziviski advised Ms. Fahey to rescind the offer of employment to Charging Party. Ms. Fahey sent the email rescinding the job offer to Charging Party on January 20, 2021, at 11:34 a.m.

Witness information reveals that prior to her hire, Ms. Ziviski had the intention of hiring a Caucasian male, which she expressed to John Elliott, Senior Associate Vice President and Chief Human Resources Officer. Witness information shows Ms. Ziviski wanted the Caucasian male instead of Charging Party. This Caucasian male was subsequently extended an offer of employment but declined. It is important to note that the decision to rescind the offer to Charging Party was made without Mr. Wynn's input. As previously shown in information provided, Mr. Wynn had been the "go to" person in the decision to hire and extend the start dates of employment.

Respondent has articulated that Charging Party's offer was rescinded due to her failure to complete the required paperwork and long lapses in communication. However, information reveals Respondent did not hire Charging Party based on her race, sex, and age. It was Respondent's intent to rescind Charging Party's offer of employment because it wanted to extend an offer of employment to a Caucasian younger male. Also, Charging Party's employment offer had been extended by Mr. Wynn. Charging Party had an opportunity to still complete onboarding forms prior to her hire date. Therefore, Charging Party was not given an opportunity to complete paperwork before Respondent rescinded the job offer.

Information reveals that a decision maker with a discriminatory animus affected the adverse employment decision. Charging Party had been treated differently than a Caucasian, substantially younger male, and a Caucasian substantially younger female. It may be reasonably inferred that Respondent had no intention of hiring Charging Party based on race, sex, and age.

**DECISION: (On the issue of Rescission of Job Offer/on the bases of Race, Sex, and Age)**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the Commission invites you to participate in conciliation by informal methods of conference, conciliation and persuasion. Enclosed is a draft of the proposed Conciliation Agreement and Consent Order for your consideration.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 4

Brad Adams has been assigned as Conciliator and can be reached by telephone at 419-245-2911 or by email at brad.adams@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process.** If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the case will be scheduled for a public hearing.

**DECISION: (On the issue of Rescission of Job Offer/on the basis of Disability)**
The Ohio Civil Rights Commission determines it is **NOT PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be **DISMISSED**.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:** (On All Decisions)
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support or your request for reconsideration, you must specifically make a request to appear in writing.

> On No Probable Cause Decisions Only:
> Pursuant to Ohio Revised Code 4112.051, if you timely request and are granted reconsideration, the enclosed NOTICE OF RIGHT TO SUE will be voided. A new NOTICE OF RIGHT TO SUE will be issued once the charge is no longer pending before the Commission if a No Probable Cause finding is reached during reconsideration.

**FOR DUAL FILED CHARGES ONLY: (On No Probable Cause Decision Only)**
If your charge was filed with both the Commission and the U. S. Equal Employment Opportunity Commission (EEOC), you have the right to request that the EEOC conduct a review of the Commission finding. The request for such a review must be sent directly to the EEOC State and Local Coordinator at 101 W. Ohio St., Suite 1900, Indianapolis, IN 46204. To secure such a review, you must request it in writing within **FIFTEEN (15) days** of Commission's finding, unless you request a reconsideration by Commission. In that event, our final finding, and the time for you to request review by EEOC, will be determined by Commission's action on your reconsideration request.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW: (On No Probable Cause Decision Only)**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court. **NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:** Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director

cc:  **Representative for Charging Party**:
Dr. Earl Murry
E&M Professional Consulting, Inc.
P.O. Box 151
Maumee, OH 43537
earlmurry@sbcglobal.net

**Representative for Respondent**
Janelle M. Schaller
Senior Associate General Counsel
The University of Toledo
Office of Legal Affairs
2801 W. Bancroft Street, MS 943
Toledo, OH 43606-3390
Janelle.Schaller@utoledo.edu

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court. **NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:** Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director

cc:  **Representative for Charging Party**:        **Representative for Respondent**
Dr. Earl Murry                                              Janelle M. Schaller
E&M Professional Consulting, Inc.              Senior Associate General Counsel
P.O. Box 151                                                The University of Toledo
Maumee, OH  43537                                     Office of Legal Affairs
earlmurry@sbcglobal.net                             2801 W. Bancroft Street, MS 943
                                                                     Toledo, OH  43606-3390
                                                                     Janelle.Schaller@utoledo.edu

EEOC Form 161-B (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Mary E. Harper**<br>**30605 Sw Magnolia Ave**<br>**Wilsonville, OR 97070** | From:  **Indianapolis District Office**<br>**101 West Ohio Street**<br>**Suite 1900**<br>**Indianapolis, IN 46204** |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **22A-2021-01025** | **Jeremy A. Sells,**<br>**State & Local Coordinator** | **(463) 999-1161** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michelle Eisele*

January 13, 2022

Enclosures(s)

**Michelle Eisele,**
**District Director**

*(Date Issued)*

cc:  **Janelle M. Schaller**
**Senior Associate General Counsel**
**The University of Toledo, Office of Legal Affairs**
**2801 W. Bancroft Street, MS 943**
**Toledo, OH 43606-3390**

**Dr. Earl Murry**
**E&M Professional Consulting, Inc.**
**P.O. Box 151**
**Maumee, OH 43537**

*Exhibit 5*

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Mary E. Harper<br>30605 Sw Magnolia Ave<br>Wilsonville, OR 97070 | From: Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
~~CONFIDENTIAL (29 CFR §1601.7(a))~~

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2021-01025 | Jeremy A. Sells,<br>State & Local Coordinator | (463) 999-1161 |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michelle Eisele*

January 13, 2022

**Michelle Eisele,**
**District Director**

*(Date Issued)*

Enclosures(s)

cc: Janelle M. Schaller
Senior Associate General Counsel
The University of Toledo, Office of Legal Affairs
2801 W. Bancroft Street, MS 943
Toledo, OH 43606-3390

Dr. Earl Murry
E&M Professional Consulting, Inc.
P.O. Box 151
Maumee, OH 43537

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
William W. Patmon, III
Madhu Singh
Charlie Winburn
J. Rita McNeil Danish



Angela Phelps-White,
Executive Director

|  |  |
|---|---|
| **Mary Elizabeth Harper**<br><br>v.<br><br>**The University of Toledo** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Charge No. TOLA2(40852)02122021**
**22A-2021-01025C**

---

## NOTICE OF RIGHT TO SUE

---

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

### FOR THE COMMISSION

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director
640 Jackson St., Suite 936
Toledo, OH 43604
419-245-2900

Date mailed: November 18, 2021

Exhibit 6
Right to Sue

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
William W. Patmon, III
Madhu Singh
Charlie Winburn
J. Rita McNeil Danish



Angela Phelps-White,
Executive Director

| | |
|---|---|
| Charging A. Party, | ) |
| | ) |
| **Mary Elizabeth Harper** | ) |
| | ) |
| v. | ) **Charge No. TOLA2(40852)02122021/22A-2021-01025C** |
| | ) |
| **Respondent,** | ) |
| | ) |
| **The University of Toledo** | ) |
| | ) |

## NOTICE OF RIGHT TO SUE

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdictions over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

**FOR THE COMMISSION**

*Inder F. LeVesque*

Inder F. LeVesque
Toledo Regional Director
640 Jackson St., Suite 936
Toledo, OH 43604
419-245-2900

Date mailed: December 16, 2021