# EXHIBIT 2



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine

Commissioners: Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

November 18, 2021

Date Mailed: November 18, 2021

Mary Elizabeth Harper
30605 SW Magnolia Avenue
Wilsonville, OR 97070
Mharper01@gmail.com

The University of Toledo
c/o John Elliott, Chief HR Officer
2801 W. Bancroft Street
Human Resources, MS 205
Toledo, OH 43606
John.Elliot2@UToledo.edu

## LETTER OF DETERMINATION
Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C

**FINDINGS OF FACT:**

Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does support a recommendation that Respondent unlawfully discriminated against Charging Party.

Charging Party is an African American female who is seventy-seven years of age. Charging Party states that she is disabled. Charging Party states that on December 11, 2020, Respondent extended an offer of employment to her for a Senior Labor Relations Specialist position. Charging Party states that her start date was January 25, 2021. Charging Party states that she accepted the job offer on December 17, 2020, and informed Respondent of her challenges for the delayed response and requested a phone conversation to effectuate her onboarding. Charging Party states that she was experiencing health issues and had a death in the family, which contributed to the delay of her new hire paperwork being submitted. Charging Party states that on January 20, 2021, Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance, rescinded Charging Party's offer of employment. Charging Party believes that Respondent unlawfully discriminated against her with regard to rescinding her job offer due to her race, sex, age, and disability.

Respondent is a public research university in Toledo, Ohio. Respondent employs approximately 5,000 individuals across its campus, including executives, faculty, professionals, and other employees. Respondent denies Charging Party's allegations. Respondent states that on December 9, 2020, verbal offers of employment were extended to Charging Party and another female applicant to fill the two Senior Labor Relations Specialist positions that were open at the time. Respondent states that by January 20, 2021, Charging Party had not returned a signed offer letter or started the background check process, and was missing several other onboarding documents. Respondent states that Charging Party's offer of employment was rescinded due to her failure to complete the required paperwork and long lapses in communication.

TOLEDO REGIONAL OFFICE | One Government Center, 640 Jackson St., Suite 936, Toledo, OH 43604
PHONE: 419-245-2900 | TOLL FREE: 1-888-278-7101 | TTY: 614-752-2391 | FAX: 419-245-2668
www.crc.ohio.gov

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court. **NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director

cc: <u>**Representative for Charging Party**</u>:
Dr. Earl Murry
E&M Professional Consulting, Inc.
P.O. Box 151
Maumee, OH 43537
earlmurry@sbcglobal.net

<u>**Representative for Respondent**</u>
Janelle M. Schaller
Senior Associate General Counsel
The University of Toledo
Office of Legal Affairs
2801 W. Bancroft Street, MS 943
Toledo, OH 43606-3390
Janelle.Schaller@utoledo.edu

Mary·Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 2

There is no information to support Charging Party was discriminated against based on disability.

Respondent's "Recruitment of Personnel and Hiring Procedures" policy indicates that, when recruiting externally, the interviewing manager will work closely with their HR Consultant to create a recruitment plan and assist the hiring department throughout the process. The policy further provides that once a selection is made, the hiring department will inform HR of its selection. HR will make the employment offer, with consideration for the Affirmative Action Plan, and schedule all pre-employment requirements, such as background checks, pre-hire drug tests, etc.

A document entitled "Process For Filling Staff Positions" indicates that a search committee is required for external job postings, and the search committee must meet gender and minority representation. Human Resources will release the applicants who meet the stated minimum required qualifications to the search committee. After the search committee has selected candidates for interview, HR will review both the overall pool and the interview pool to ensure diversity. If no diversity exists in the initial applicant pool, additional recruitment efforts will be required. Further, if there is diversity in the overall pool, but not in the interview pool, the search committee may be instructed to conduct a second review of the resumes to determine if a member of the underrepresented group is suitable to be invited for an interview. If the search committee still feels that no other candidates are suitable, a memo is required to be sent to the HR Consultant/Specialist justifying the exclusion of the candidates by comparing their qualifications to those of the candidates who have been selected.

Information shows that in August 2020, Respondent posted two available Senior Labor Relations Specialist positions. On September 11, 2020, Charging Party submitted an application to Respondent for the position of Senior Labor Relations Specialist. After conducting interviews, Dreyon Wynn, Director of Labor/Employee Relations and HR Compliance, made a verbal offer of employment on December 9, 2020, to both Charging Party and another Caucasian female candidate who was 58 years of age. The offer was contingent upon completion of a background check and other pre-hire requirements. Information shows that both Charging Party and the other candidate had verbally accepted the offer and their start dates were initially set for January 11, 2021, then were moved to January 25, 2021.

Information shows that on December 11, 2020, Kimberly Fahey, Human Resources Specialist, sent Charging Party and the other candidate an email with instructions for completing the pre-hire requirements. On December 15, 2020, Ms. Fahey sent the offer letters to Charging Party and the other candidate to sign and return. Information shows Ms. Fahey spoke with Charging Party on December 18, 2020, to review the information and documentation needed for Charging Party to complete the pre-hire requirements.

Information shows the other candidate contacted Mr. Wynn on January 4, 2021, to let him know that she would not be able to start work on January 11, 2021, due to illness. Information shows Mr. Wynn moved the other candidate's start date to January 25, 2021. On January 18, 2021, the other candidate contacted Mr. Wynn to decline the position, and she was again offered another opportunity by Mr. Wynn to have her start date extended.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 3

Information shows that the other candidate, who was Caucasian and substantially younger than Charging Party, was afforded the opportunity to postpone her start date while Charging Party was not. Information shows that there was differential treatment, and that the younger, Caucasian candidate received more favorable treatment than Charging Party.

Information shows that on January 20, 2021, Charging Party had not yet submitted several of the required onboarding documents, and had not started the background check process. Information reveals onboarding documents may be submitted two to three days in advance of the start date. Information shows that on January 20, 2021, at 9:04 a.m., Ms. Fahey sent an email to Mr. Wynn and Bethany Ziviski, Executive Director of Labor/Employee Relations and HR Compliance and stated: "If you have any information that Mary has reached out to you to change her start date, please let me know." Subsequent to this email, Mr. Wynn reached out to Charging Party and extended her employment start date until on or about February 9, 2021. On January 20, 2021, at 10:52 a.m., Ms. Ziviski advised Ms. Fahey to rescind the offer of employment to Charging Party. Ms. Fahey sent the email rescinding the job offer to Charging Party on January 20, 2021, at 11:34 a.m.

Witness information reveals that prior to her hire, Ms. Ziviski had the intention of hiring a Caucasian male, which she expressed to John Elliott, Senior Associate Vice President and Chief Human Resources Officer. Witness information shows Ms. Ziviski wanted the Caucasian male instead of Charging Party. This Caucasian male was subsequently extended an offer of employment but declined. It is important to note that the decision to rescind the offer to Charging Party was made without Mr. Wynn's input. As previously shown in information provided, Mr. Wynn had been the "go to" person in the decision to hire and extend the start dates of employment.

Respondent has articulated that Charging Party's offer was rescinded due to her failure to complete the required paperwork and long lapses in communication. However, information reveals Respondent did not hire Charging Party based on her race, sex, and age. It was Respondent's intent to rescind Charging Party's offer of employment because it wanted to extend an offer of employment to a Caucasian younger male. Also, Charging Party's employment offer had been extended by Mr. Wynn. Charging Party had an opportunity to still complete onboarding forms prior to her hire date. Therefore, Charging Party was not given an opportunity to complete paperwork before Respondent rescinded the job offer.

Information reveals that a decision maker with a discriminatory animus affected the adverse employment decision. Charging Party had been treated differently than a Caucasian, substantially younger male, and a Caucasian substantially younger female. It may be reasonably inferred that Respondent had no intention of hiring Charging Party based on race, sex, and age.

**DECISION: (On the issue of Rescission of Job Offer/on the bases of Race, Sex, and Age)**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the Commission invites you to participate in conciliation by informal methods of conference, conciliation and persuasion. Enclosed is a draft of the proposed Conciliation Agreement and Consent Order for your consideration.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 4

Brad Adams has been assigned as Conciliator and can be reached by telephone at 419-245-2911 or by email at brad.adams@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process.** If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the case will be scheduled for a public hearing.

**DECISION: (On the issue of Rescission of Job Offer/on the basis of Disability)**
The Ohio Civil Rights Commission determines it is **NOT PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be **DISMISSED**.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:** (On All Decisions)
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support or your request for reconsideration, you must specifically make a request to appear in writing.

On No Probable Cause Decisions Only:
Pursuant to Ohio Revised Code 4112.051, if you timely request and are granted reconsideration, the enclosed NOTICE OF RIGHT TO SUE will be voided. A new NOTICE OF RIGHT TO SUE will be issued once the charge is no longer pending before the Commission if a No Probable Cause finding is reached during reconsideration.

**FOR DUAL FILED CHARGES ONLY: (On No Probable Cause Decision Only)**
If your charge was filed with both the Commission and the U. S. Equal Employment Opportunity Commission (EEOC), you have the right to request that the EEOC conduct a review of the Commission finding. The request for such a review must be sent directly to the EEOC State and Local Coordinator at 101 W. Ohio St., Suite 1900, Indianapolis, IN 46204. To secure such a review, you must request it in writing within **FIFTEEN (15) days** of Commission's finding, unless you request a reconsideration by Commission. In that event, our final finding, and the time for you to request review by EEOC, will be determined by Commission's action on your reconsideration request.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW: (On No Probable Cause Decision Only)**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

Mary Elizabeth Harper v. The University of Toledo
TOLA2(40852)02122021/22A-2021-01025C
Page 5


The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court. **NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.


FOR THE COMMISSION,

*Inder F. LeVesque*
Inder F. LeVesque
Toledo Regional Director


cc:     <u>Representative for Charging Party</u>:          <u>Representative for Respondent</u>
        Dr. Earl Murry                                    Janelle M. Schaller
        E&M Professional Consulting, Inc.                 Senior Associate General Counsel
        P.O. Box 151                                      The University of Toledo
        Maumee, OH 43537                                  Office of Legal Affairs
        earlmurry@sbcglobal.net                           2801 W. Bancroft Street, MS 943
                                                          Toledo, OH 43606-3390
                                                          Janelle.Schaller@utoledo.edu