**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **MARY E. HARPER,** | CASE NO. 3:22 CV 1308 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNIVERSITY OF TOLEDO, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## INTRODUCTION

Currently pending before the Court is Defendants University of Toledo, John Elliott, and Bethany Ziviski's partial[1] Motion to Dismiss (Doc. 37), to which Plaintiff filed an opposition (Doc. 40), and Defendant University of Toledo replied (Doc. 42).

Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, the Court GRANTS Defendants' Motion.

## BACKGROUND

Factual Background

This suit involves Plaintiff's allegations the University of Toledo and its employees discriminated against her on the basis of race, sex, and age in its hiring process. Plaintiff is an African American woman born in 1944. She brought suit against the University, Bethany Ziviski, the University's Executive Director of Employee/Labor Relations and Human Resources

---

1. Plaintiff notes that on the first and last pages of the Motion to Dismiss and Memorandum in Support, Defendants' broad language suggests they seek dismissal of the entire Amended Complaint. *See, e.g.*, Doc. 37, at 1 (requesting "an order dismissing Plaintiff's Amended Complaint"). It is clear, however, from the content of the Motion to Dismiss (and Defendants' reply) that the Motion only seeks dismissal of some, not all, claims.

Compliance, and John Elliott, the University's Senior Associate Vice President and Chief Human Resources Officer. A review of the specific facts of Plaintiff's Amended Complaint is not necessary to resolve the currently-pending motion.

Procedural Background

In her August 2, 2022 First Amended Complaint against Defendants, Plaintiff brought four counts against all Defendants. In Count One, she alleged race, gender, and age discrimination in violation of Ohio Revised Code § 4112.02(L). In Count Two, she alleged race, gender, and age discrimination in violation of Title VII, 42 U.S.C. § 2000e-2. In Count Three, she asserted a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Finally, in Count Four, she alleged aiding and abetting in unlawful discrimination in violation of Ohio Revised Code § 4112.02(J). In her prayer for relief, Plaintiff seeks:

> an amount in excess of $25,000 to fully, fairly and justly compensate her for her injury, damages, and loss and respectfully prays that this Court enter judgment in her favor and award her compensatory damages, consequential damages, back pay, front pay, punitive damages, all costs and reasonable attorney's fees, and grand such additional or alternative relief as the Court may determine to be just and equitable.

(Doc. 33, at 12).

Defendants filed an Answer (Doc. 36) and simultaneous Motion to Dismiss (Doc. 37). The Answer addressed some of the Amended Complaint's allegations, but in other places noted Defendants had "filed a Motion to Dismiss addressing the allegations". In the Motion to Dismiss, Defendants sought to dismiss all state law claims (Counts I and IV) based on sovereign immunity (Doc. 37, at 4-5); Plaintiff's age discrimination claim under Title VII (part of Count II) for failure to state a claim (*id.* at 6-7); Plaintiff's Title VII and ADEA claims against the individual Defendants (parts of Counts II and III) because those statutes do not provide for

individual liability (*id.* at 7); and Plaintiff's ADEA claim against all Defendants (Count III) on the basis of sovereign immunity (*id.* at 7-8).

Subsequently, the parties stipulated to dismiss all claims as asserted against the individual Defendants and Count One against the University. (Docs. 39, 41). Plaintiff then filed her opposition brief (Doc. 40), and Defendant the University of Toledo – the only remaining Defendant following the stipulation – replied (Doc. 42).

Thus, remaining at this juncture are Counts Two, Three, and Four against the University of Toledo. *See* Doc. 41.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

<u>Proper Standard of Review</u>

At the outset, the Court addresses the parties' procedural disagreement. Plaintiff contends it was improper for Defendants to file an answer followed by a motion to dismiss.

3

Plaintiff is, from a strictly procedural perspective, correct. A motion to dismiss filed under Rule 12(b)(6), subsequent to the filing of an answer, cannot "properly lie because Rule 12(b) requires that '[a] motion making any of these defenses shall be made before pleading.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting Fed. R. Civ. P. 12(b)); *see also Satkowiak v. Bay Cnty. Sheriff's Dep't*, 47 F. App'x 376 (6th Cir. 2002) ("Technically, . . . the [defendant's] motion to dismiss under Rule 12(b)(6) should be labeled as a Rule 12(c) motion for judgment on the pleadings since the [defendant] had already filed an answer to the complaint.").

However, in the instant case, Defendants filed an Answer to some claims, while noting in that very Answer they had moved to dismiss other claims. *See* Doc. 36. They did not "answer" certain claims and then move to dismiss those same claims. In essence, Defendants filed a partial answer and a partial motion to dismiss. *See Milks v. Ohio N. Univ.*, 2015 WL 106003, at *1 (N.D. Ohio) (addressing, under 12(b)(6) standard, a partial motion to dismiss under similar circumstances).

Any difference in how the filings are viewed is without substance in the instant case. As Plaintiff recognizes, the standard for a Rule 12(c) motion mirrors that of a Rule 12(b)(6) motion. Thus, although the Court construes the instant motion as properly filed under Rule 12(b)(6), it also notes that the result does not differ if the motion is considered under Rule 12(c) as one for judgment on the pleadings.

<u>Count II – Title VII Race, Gender, and Age Discrimination</u>

Defendants move to dismiss only part of Count II – the allegation of age discrimination. Plaintiff does not specifically respond. "Title VII does not cover age or disability discrimination claims." *Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006) (citing *Kremer v.*

*Chemical Const. Corp.*, 456 U.S. 461, 466 n. 4 (1982) (noting that Title VII does not cover age discrimination claims)). As such, this part of Count II is dismissed.

The additional allegations in Count II – asserting race and gender discrimination against the University under Title VII – remain.

Count III – ADEA

Defendants move to dismiss the ADEA claim against the University on the basis of sovereign immunity. Defendants are correct that the University, as a State institution, is immune from damages claims under the ADEA. *See Meekison v. Voinovich*, 67 F. App'x 900, 901 (6th Cir. 2003) ("Eleventh Amendment immunity bars suits for monetary relief against a state under the ADEA.") (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000)). In their motion, Defendants also noted "Plaintiff does not allege prospective injunctive relief and cannot prove that the Eleventh Amendment does not bar suit against Defendants under *Ex Parte Young*." (Doc. 37, at 8).

In response, Plaintiff asserts the cited law does not bar a claim for injunctive relief, such as a claim for reinstatement. (Doc. 40, at 4-5) ("However, private individuals may sue the state for injunctive relief to enforce the ADEA."). She contends "[r]einstatement to her position with the University is within the purview" of the Amended Complaint's demand for "such additional or alternative relief as the Court may determine to be just and equitable." (Doc. 40, at 5) (citing Doc. 33, at 5)). Defendants reply that (1) the *Ex parte Young* doctrine applies only to a suit against a state official in his or her official capacity and Plaintiff has dismissed all the individual defendants; and (2) regardless, Plaintiff's Amended Complaint does not adequately plead a claim for injunctive relief pursuant to Federal Civil Rule 8(a).

5

Defendants are correct on both counts. First, the Court finds the vague request for "such additional or alternative relief as the Court may determine to be just and equitable" (Doc. 33, at 5), is not sufficient to "give the defendant[s] fair notice of" a prospective injunctive relief or reinstatement claim. *Twombly*, 550 U.S. at 555 (internal quotation omitted).

Second, "[t]he *Ex parte Young* doctrine applies when the lawsuit involves an action against state officials, not against the state itself." *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016); *see also Shahin v. Delaware*, 563 F. App'x 196, 198 (3d Cir. 2014) ("Shahin filed suit against the State of Delaware and OMB and did not name any state officials. Accordingly, the defendants are immune from suit."); *Cameron v. Ohio*, 2007 WL 3046659, at *3 (S.D. Ohio) ("Plaintiff in the instant case has sued the State of Ohio, not a state official. . . . Accordingly, the reasoning underlying the *Ex Parte Young* exception to Eleventh Amendment immunity is inapplicable.").[2] The cases Plaintiff relies on do not hold to the contrary. Rather, in those cases, the plaintiffs brought claims for injunctive relief against state officials, rather than an arm of the state itself. *See Doe v. Northern Michigan Univ.*, 393 F. Supp. 3d 683, 692 (W.D. Mich. 2019); *Taafe v. Drake*, 2016 WL 1713550, *3 (S.D. Ohio). Here, Plaintiff has stipulated to the dismissal of all the individual defendants. (Doc. 41). The only remaining Defendant, the University of Toledo, is an arm of the state. S*ee McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) ("a public university qualifies as an arm of the state"). It is thus entitled to sovereign immunity.

---

2. The *Ex parte Young* doctrine operates as an exception to sovereign immunity. Under this doctrine, "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law, regardless of whether compliance might have an ancillary effect on the state treasury." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citation omitted). "It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Id.* at 507-08.

For these reasons, the Court grants Defendant's Motion to Dismiss Plaintiff's ADEA claim.

Count IV – Aiding and Abetting Unlawful Discrimination – Ohio Revised Code § 4112.02(J)

Defendants also move to dismiss Count Four as barred by sovereign immunity. *See* Doc. 37, at 4-5) (referencing Counts I and IV and stating "all state law claims brought against the University of Toledo are barred pursuant to sovereign immunity"). The parties' later-filed stipulation dismissing certain claims recognized that "Counts Two, Three, and Four as against the University of Toledo remain pending and are the subject of Defendants' pending Motion to Dismiss." (Doc. 39, 41). Despite this, as Defendant points out on reply, Plaintiff's opposition brief does not provide any argument as to Count Four. *See* Doc. 40, at 2 (listing only remaining claims as Counts Two and Three).

Defendant asks the Court to find Plaintiff's lack of response an implied concession, citing *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 784 n.4 (S.D. Ohio 2009) (finding failure to respond to a particular argument in a motion to dismiss amounted to implied concession such a claim was not viable). The Court could grant the motion on this basis. *See Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 Fed. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court to grant a motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

Even absent a waiver or concession, Defendants have demonstrated their entitlement to dismissal of Count IV. Ohio law provides "[t]he state hereby waives its immunity from liability, . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties. . . ." Ohio Rev. Code § 2743.02(A)(1). The Sixth Circuit has found this section "confirms that Ohio *has not consented* to state law damages actions against the State of Ohio . . . outside of its own courts." *Jones v. Hamilton Cty. Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016) (emphasis added). Further, Ohio has not waived or abrogated its Eleventh Amendment immunity by enacting Chapter 4112. *See Dendinger v. Ohio*, 207 F. App'x 521, 529 (6th Cir. 2006); *see also Bialczak v. Ohio Dep't of Taxation*, 2000 WL 1888789, at *2 (6th Cir.) ("Ohio Revised Code § 4112.99 authorizes suit against the State of Ohio as an employer in its Court of Claims, but the statute does not waive the State's Eleventh Amendment immunity from suit in federal court.").

Count IV must therefore be dismissed without prejudice for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' partial Motion to Dismiss (Doc. 37) be, and the same hereby is, GRANTED.

                                       s/ *James R. Knepp II*
                                       UNITED STATES DISTRICT JUDGE