IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARY E. HARPER,**      CASE NO. 3:22 CV 1308

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**UNIVERSITY OF TOLEDO,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is Defendant University of Toledo's Motion to Tax Costs against Plaintiff Mary E. Harper. (Doc. 79). Plaintiff opposes (Doc. 80), and Defendant replies (Doc. 81). For the following reasons, the Court grants Defendant's motion in part.

## BACKGROUND

Plaintiff filed the instant employment discrimination case on April 5, 2022. (Doc. 1).

On March 29, 2024, this Court granted Defendant's Motion for Summary Judgment in its entirety and dismissed the case. (Docs. 27, 28). In support of its Motion, Defendant presented and relied upon the deposition transcripts of Plaintiff, Daniel Powell, John Elliott, Kimberly Fahey, and Bethany Ziviski. *See* Docs. 52, 53, 54, 55, 56, 58.

In conjunction with the present motion to tax costs, Defendant submits documentation that, as to Plaintiff's deposition, it paid $350 to take the deposition, $560.00 for a videographer, and $717.75 for the transcript. (Doc. 79-2, at 4-6). As to the other depositions, Defendant submits documentation that it paid the following amounts for transcripts: $560.90 (Elliott),

$391.85 (Powell), and $746.95 (Ziviski and Fahey). (Doc. 79-2, at 8-12). It thus seeks $3,327.45 in total costs. (Doc. 79-1).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs [to a prevailing party], but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The prevailing party must demonstrate that the costs it seeks to have taxed "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Swysgood v. Bd. of Educ. of Nw. Loc. Sch. Dist. of W. Salem*, 2019 WL 2026514, at *2 (N.D. Ohio) (quoting *Howe v. City of Akron*, 2016 WL 916701, at *19 (N.D. Ohio)).

The Court has discretion to deny costs and must review the necessity of each cost subject to an objection. *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has identified a few situations where courts appropriately exercise their discretion to deny an award of costs: (1) where the prevailing party's costs are "unnecessary or unreasonably large"; (2) where the prevailing party has "unnecessarily prolong[ed] trial" or has "inject[ed] unmeritorious issues"; (3) where the prevailing party's victory is insignificant; and (4) in "close and difficult" cases. *Id.*

## DISCUSSION

Defendant seeks an award of costs in an amount of $3,327.45. *See* Doc. 79-1. As set forth above, this is the cost associated with taking and obtaining the transcripts of five depositions, which it asserts were necessarily obtained for use in this case. *See* Doc. 79-1, at 3 (itemized list

of costs); (Doc. 79-2) (declaration of counsel). Plaintiff presents six arguments in opposition: (1) Defendant has not demonstrated the necessity or reasonableness of imposing both the costs of videotaping and transcribing Plaintiff's deposition; (2) imposing costs would deter future civil rights plaintiffs; (3) the case was difficult and close; (4) Plaintiff acted in good faith; (5) Defendant has already benefitted from this case; and (6) Plaintiff's financial situation counsels against an award of costs. (Doc. 80). Upon review, the Court determines that none of these arguments overcome the presumption that costs should be imposed but finds that Plaintiff's financial situation counsels in favor of a reduction.

Deposition Costs

Plaintiff presents no argument that obtaining the written transcript of any deposition was not reasonable or necessary. And such costs are recoverable under § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987) (a district court may award costs only for those elements in § 1920, which includes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case") (quoting 28 U.S.C. § 1920(2) and (4)).

Plaintiff specifically objects to being taxed with the cost of videotaping her deposition. (Doc. 80, at 4-5). She contends obtaining both a written and videotape copy of the deposition was "unnecessary and unreasonable", noting the video recording was not used to support Defendant's motion for summary judgment, nor would it have been necessary to use at trial for impeachment purposes, as Plaintiff would have been present at her own trial. Defendant responds that because the deposition was taken remotely at Plaintiff's request, it reasonably hired a videographer to "allow Defendant's counsel to observe Plaintiff's actions and behavior during

3

questioning" and it ordered the video transcript for potential impeachment purposes. (Doc. 81, at 3).

The Sixth Circuit has approved the taxation of videotape depositions under § 1920. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997)), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997 (2012); *see also Ibrahim v. Food Lion, Inc.*, 149 F.3d 1183, 1998 WL 381326, at *2 (6th Cir. 1998) (table) ("Section 1920 includes as a taxable expense the cost of videotaping a deposition."). And it has specifically permitted taxing of costs for both the video deposition and corresponding paper transcripts. *BDT Prods., Inc.*, 405 F.3d at 420. "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

The Court finds Defendant has established the reasonableness and necessity of the videotaping of the deposition under the facts of this case. Because the deposition was conducted remotely (at Plaintiff's request), Defendants reasonably wished to videorecord the deposition to observe how Plaintiff behaved during the questioning, something they would typically be able to analyze during an in-person deposition.

<u>Arguments for Denial</u>

Plaintiff presents several arguments as to why the Court should deny costs under the circumstances of this case. The Court addresses each below.

*Good Faith and Closeness of the Case*

While good faith is "a relevant consideration," it is not a sufficient independent ground to deny costs. *White & White, Inc.*, 786 F.2d at 731. And while a district court may deny costs in a

4

"close and difficult" case, it is not required to do so. *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005).

This case was not close by the Sixth Circuit interpretation of that term in taxing costs. In *White & White, Inc.*, the Sixth Circuit defined a close case "by the difficulty of discerning the law of the case" as well as the difficulty in analyzing the evidence. 786 F.2d at 732-33. Cases that courts have considered "close" include those involving patent validity and complex antitrust issues. *Id.* For example, the antitrust trial in *White* lasted 80 days, "required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion." *Id.* at 732. Thus, that district court did not abuse its discretion in factoring in the closeness of the case in denying costs. *Id.*; *see also McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 744 (6th Cir. 2002) (per curiam) (holding the district court did not abuse its discretion in finding a trial was close where it lasted 23 days with 31 witnesses and nine expert witnesses and the jury had to "understand complex medical testimony on fractures and subluxation").

The Court finds neither of these factors dictates costs should not be imposed in this relatively straightforward employment discrimination case.

*Chilling Effect*

Plaintiff next argues that awarding costs would deter future civil rights Plaintiffs. (Doc. 80, at 5). But the Sixth Circuit has repeatedly upheld awards of costs to employers who prevail in employment discrimination cases. *See, e.g.*, *Lindsay v. Pizza Hut of America*, 84 F. App'x 582, 582-83 (6th Cir. 2003); *Bawle v. Rockwell Int'l Corp.*, 79 F. App'x 875, 877 (6th Cir. 2003); *See also Hildebrandt v. Hyatt Corp.*, 2006 WL 3063498, at *3 (S.D. Ohio) ("[D]espite Plaintiff's claims of a chilling effect, the Sixth Circuit continues to indicate that an award of Rule 54 costs

5

to prevailing employers in employment discrimination cases is appropriate.") (citing cases). The Court therefore finds the "chilling effect" of an award of costs under these circumstances does not weigh against awarding costs.

*Defendant's Resources / Benefit to Defendant*

Plaintiff emphasizes that Defendant "is a state-funded entity with vast resources." (Doc. 80, at 5). She further contends that Defendant has already benefitted from this proceeding in being awarded summary judgment. *Id.* at 8. The Court finds neither of these factors weigh against the presumption of awarding costs.

First, the Sixth Circuit has held that in determining whether to award or deny costs, it is error for the Court to consider the prevailing party's ability to bear its own expenses without hardship. *White & White, Inc.*, 786 F.2d at 731.

Second, the Court disagrees that the "benefit" Defendants received in being granted summary judgment should overcome (or even weigh against) the presumption in favor of awarding costs. If it were enough, no successful employment discrimination defendant who wins summary judgment would be entitled to costs. *Cf. Brinson v. Summit Cnty.*, 2023 WL 6049322, at *3 (N.D. Ohio) ("That defendants 'absolved themselves [of] claims of race discrimination and retaliation' through summary judgment in their favor might be considered a 'benefit,' but this Court is not persuaded it is a 'benefit' that warrants overcoming the strong presumption in favor of awarding costs in this case. As defendants point out, they had to expend many resources to defend themselves against Brinson's claims to receive what he labels a 'benefit.'").

The Court therefore finds none of the above factors counsel against an award of costs in this case.

6

Ability to Pay

Finally, Plaintiff argues the motion to tax costs should be denied because her "financial situation has deteriorated since 2022" when she was granted *in forma pauperis* status in this case. (Doc. 80, at 7). Defendant responds that Plaintiff's assertions about the reasons for her financial situation are contradicted by her deposition testimony and that she has not demonstrated an inability to pay costs both now and in the future. (Doc. 81, at 6-7).

"A losing party's indigence weighs against taxing [him] with the winning party's costs." *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 861 (6th Cir. 2015) (citing *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). But "[a] plaintiff's indigency does not prevent the taxation of costs against him[,]" *Sales*, 873 F.2d at 120, and "district courts retain a substantial amount of discretion to determine whether or not to tax costs against indigent plaintiffs." *Banks*, 611 F. App'x at 861 (citing *Singleton*, 241 F.3d at 539-40). "[W]hen a party claims indigency," the court must make "a determination of his or her capacity to pay the costs assessed." *Sales*, 873 F.2d at 120. A plaintiff makes a showing of indigency when she "is incapable of paying the court-imposed costs at this time or in the future." *Rashid v. Commc'ns Workers of Am.*, 2007 WL 315355, at *3 (S.D. Ohio). And the Sixth Circuit has indicated that, at the conclusion of a suit, costs may be imposed "as in other cases" against a plaintiff who was permitted to proceed *in forma pauperis*. *See Talley–Bey v. Knebl*, 168 F.3d 884, 886-87 (6th Cir. 1999).

Plaintiff attaches an April 24, 2024, Declaration stating that her total monthly income is $3,010.52 (consisting of Social Security and retirement payments), her monthly expenses are approximately $3,005, and she has $500 in a bank account. (Doc. 80-1). She asserts her financial situation "has not changed for the better" since the Court's approval of her *in forma pauperis*

7

application in April 2022[1] and that she is "unemployed and currently unable to work due to continuing symptoms from a car accident [she] was involved in last year." *Id.* Defendant points to Plaintiff's February 2023 deposition testimony that she had not pursued employment since January 2021 and was not pursuing employment because two of her siblings had passed away and she was helping their families. (Doc. 81, at 6-7) (citing Plaintiff Depo., at 157-58). It argues Plaintiff has not demonstrated an inability to pay at some point in the future. *Id.* at 7 ("Despite Plaintiff's contention that she has been unable to work, she has not shown that she would be unable to secure employment in the future.").

First, the Court disagrees with Defendant that Plaintiff's statement she is currently unable to work due to a car accident is necessarily inconsistent with her deposition testimony. Plaintiff's deposition was taken in February 2023, and her statement regarding the car accident merely refers to sometime "last year" (2023).

Second, the Court finds Plaintiff has demonstrated her indigency and that payment of the costs in their entirety would be a significant burden. However, the Court finds Plaintiff's financial circumstances do not warrant complete mitigation of her Rule 54(d) obligation to pay costs. This is supported by the presumption in favor of awarding costs, *White & White, Inc.*, 786 F.2d at 730, the Sixth Circuit's rule that *in forma pauperis* status does not provide an automatic basis for denying costs, *Singleton*, 241 F.3d at 539, and the fact that Plaintiff is not completely destitute. Indeed, Plaintiff has $500 in a bank account, owns a vehicle worth approximately $8,000, and owns a home on which she pays a monthly mortgage of $2,000. (Doc. 80-1); *see Jones v. Cont'l Corp.*, 789 F.2d 1225 (6th Cir. 1986) (upholding award of costs where district court concluded plaintiff had sufficient assets to take out a loan to satisfy the award).

---

1. The information in Plaintiff's original IFP application is similar to that of her Declaration. *See* Doc. 1 (listing $3,010.52 in income and $500 in a savings account).

The Court therefore concludes that under the above circumstances, Defendant are entitled to partial costs for the deposition transcripts and videotape in this case. The Court awards Defendant $1,663.73 in costs, representing a fifty-percent reduction from the requested amount based on Plaintiff's financial situation.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Tax Costs (Doc. 79) be, and the same hereby is, granted in part; Plaintiff is taxed with $1,663.73 in costs.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 24, 2024